**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PEDRO LARENA IBANEZ, | ) | |
| | ) | Case No. 3:26-cv-1225 |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| UNITED STATES, *et al.*, | ) | |
| | ) | |
| *Respondents*. | ) | |
| | ) | |

**<u>MEMORANDUM ORDER</u>**

Presently before the Court is Petitioner Pedro Larena Ibanez's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") (Docket No. 4) and Motion for Preliminary Injunction, Emergency Relief and Temporary Restraining Order ("Motion for TRO"). (Docket No. 5).  The Court has also reviewed The Response to Petition for Injunctive Relief and Writ of Habeas Corpus.  (Docket No. 8).  The Court denies both the Motion and the Petition for the reasons set forth below.

I.      Background

Petitioner is a native and citizen of Cuba who in December 2022 presented himself to the port of entry located at the Miami International Airport, admitting that he did not possess documentation that would legally enable him to be lawfully present in the United States and stating that he wanted to claim asylum.  (Docket No. 8-1).  He was released pending submission of his asylum application but then he was charged and eventually plead guilty to crimes in Florida and Texas, and he was convicted of crimes in Pennsylvania.  (*Id.*).  In Pennsylvania, Petitioner was sentenced to imprisonment for 163 days to one year, and he was taken into

immigration custody upon released from Pennsylvania custody on October 16, 2025. (*Id*.). When taken into immigration custody, Petitioner informed ICE that he had "no known health issues." (Docket No. 1-1).

On December 23, 2025, an immigration judge pretermitted Petitioner's applications for asylum, withholding of removal, and relieve under the Convention Against Torture. (Docket No. 8-3). That same day, the immigration judge found Petitioner removable and ordered him removed to Ecuador. (Docket No. 8-2). Petitioner did not appeal the orders to the Board of Immigration Appeal (BIA) and the removal order became final on January 23, 2026. (Docket No. 8-4). Petitioner presently is detained at the Moshannon Valley Processing Center ("MVPC"). He has been subject to post-removal detention pursuant to 8 U.S.C. § 1231(a) for less than six months.

In his Petition, Petitioner seeks immediate release (or possible release on bond), a prohibition from being transferred outside this judicial District, a prohibition from being removed during a medical emergency, access to legal counsel and process, accommodations under disability laws. Petitioner's Motion for TRO seeks essentially identical relief.

II.        Discussion

To obtain a temporary restraining order (a "TRO"), a petitioner must show that: (1) he is likely to succeed on the merits, (2) denial will result in irreparable harm to the petitioner, (3) granting the injunction will not result in irreparable harm to the respondent(s), and (4) granting the injunction is in the public interest. *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998); *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction."); *Reilly v. City of*

*Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017) (explaining that the first two factors are necessary preconditions to preliminary equitable relief); *see also Alduaij v. Noem*, No. 2:25-CV-538, 2025 WL 1180743 (W.D. Pa. Apr. 23, 2025). Here, the Court finds that Petitioner has failed to successfully show a likelihood of success on the merits

Petitioner's core assertion is that his immigration detention has become unreasonably prolonged and thus unconstitutional.  (Docket No. 4).  To the extent Petitioner challenges the length of his detention or foreseeability of his removal, this Court notes that he has been detained pursuant to 8 U.SC. § 1231 and thus subject to post-removal detention for less than six months at this juncture, which is presumptively reasonable, after which an alien would need to provide "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing … [A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Jackson v. Att'y Gen. U.S.*, 663 F. App'x 245, 247 (3d Cir. 2016) (cleaned up) (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001)). Furthermore, detention during deportation proceedings is a constitutionally valid aspect of the deportation process.  *Demore v. Kim*, 538 U.S. 510 (2003).

Furthermore, this Court notes that the place of an alien's detention is left to the discretion of the Attorney General and district courts lack jurisdiction to enjoin or direct a detainee's transfer. *See* 8 U.S.C. § 1231 and 8 U.S.C. § 1252(a)(2)(B)(ii); *see also Calla-Collado v. Attorney General of the US*, 663 F.3d 680, 685 (3d Cir. 2011) (holding that the United States Department of Homeland Security (HHS) and Immigration and Customs Enforcement (ICE) have the authority to determine the location of detention of an alien in deportation proceedings

3

and thus have the authority to transfer an alien from one detention center to another pursuant to 8 U.S.C. § 1231(g)(1); also holding that detainee does not have the right to be detained where he believes his ability to obtain representation and present evidence would be most effective); *Sinclair v. Atty Gen. of the United States*, 198 F. Appx. 218, 222 n. 3 (3d Cir. 2006). Accordingly, this Court lacks the authority to enjoin Petitioner's transfer out of this judicial district.

Finally, Petitioner's medical treatment claims are not cognizable under 28 U.S.C. § 2241. A habeas petition may be brought by a detainee who seeks to challenge either the fact or duration of confinement; however, when a challenge is to a condition of confinement such that a finding in the petitioner's favor would not alter the fact or duration of detention, then habeas is not an appropriate or available federal remedy. *Vincent v. Federal Bureau of Prisons*, Civil No. 3:26-cv-809, 2026 WL 911409 (M.D. Pa. March 31, 2026). Here, Petitioner alleges inadequate medical care which lies outside the "core of habeas" in that it does not challenge the fact or length of confinement. *See also Henderson v. Frank*, 155 F.3d 159, 168 (3d Cir. 1998).

III.    Conclusion

Based upon the foregoing, Petitioner's bases for seeking habeas relief are not likely to succeed on the merits and, in fact, fail as a matter of law. Accordingly, the Court DENIES Petitioner's Motion for TRO. Moreover, because the Petition also fails to assert legally cognizable bases as a matter of law, the Court DENIES the Petition as well.

**AND NOW** this 7th day of July, 2026, it is hereby **ORDERED** as follows:

1. Petitioner's Motion for Preliminary Injunction, Emergency Relief and for Temporary Restraining Order (Docket No. 5) is **DENIED**.

2.  The Petition for Writ of Habeas Corpus (Docket No. 4) is **DENIED** without prejudice to refiling once the six-month post-removal detention period has elapsed provided Petitioner can show good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future.

3.  With no further action required by the Court at this time, the Clerk of Court shall mark this matter **CLOSED**.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record
Pedro Larena Ibanez (via U.S. mail)

5